**SOMMERS SCHWARTZ, P.C.**
Jason J. Thompson, Esq. (*pro hac vice* forthcoming)
Trenton R. Kashima, Esq. (State Bar #277924)
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248)355-0300
Facsimile: (248) 436-8453
Website: www.sommerspc.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
5850 Oberlin Drive, Ste. 230A
San Diego, CA 92121
Telephone: (619)892-7095
Facsimile: (858) 404-9203
Website: www.zakaylaw.com

**THE JCL LAW FIRM, APC**
Jean Claude Lapuyade (State Bar #248676)
3990 Old Town Ave., Suite C204
San Diego, CA 92110
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
Website: www.jcl-lawfirm.com

Attorneys for Plaintiff

### UNITED STATES DISCTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTIAN VAN CLEAVE**, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>**SUNRISE SENIOR LIVING MANAGEMENT, INC.**, a Virginia Corporation; and DOES 1-50, Inclusive,<br><br>    Defendants. | Case No: 3:19-cv-00044-L-NLS<br><br>**FIRST AMENDED COLLECTIVE ACTION / CLASS ACTION COMPLAINT AND JURY DEMAND** |

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff CHRISTIAN VAN CLEAVE (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective/Class Action First Amended Complaint against Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., (hereinafter referred to as "Sunrise" or "Defendant"), Plaintiff alleges upon information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1.     This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3) for state law claims, including California Labor Code ("Labor Code"); the California Industrial Welfare Commission Wage Order No. 4; the California Business & Professional Code section 17200, *et seq.*; and others as pleaded below.

2.     Sunrise specializes in managing and operating senior living communities which provide senior care services including assisted living, independent living and memory care in the US, Canada and UK.

3.     Sunrise employed non-exempt employees in various positions in many locations in California.  Sunrise employs these non-exempt employees to perform a variety of duties.  These non-exempt employees are also asked, from time to time, to assist potential customers who are interested in Sunrise by showing them around, and provide them information about, the facility in an effort to sell them on Sunrise's services.

4.     The individuals Plaintiff seeks to represent in this action are current and former non-exempt employees who are similarly situated to Plaintiff in terms of pay structure and Defendant's violation of federal and state law.

5.     Defendant required its non-exempt employees to work a full-time schedule, plus overtime. However, Defendant did not accurately record its non-

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

exempt employees' overtime as required by law.

6.    Defendant failed to completely and fully compensate its non-exempt employees for the overtime they worked.    While Defendant's non-exempt employees are hourly employees, these employees also receive nondiscretionary bonuses based on the number of potential customers they show around the facility and successfully sell Sunrise's services to.    The bonus is referred to as a "spot bonus." When Defendant calculates its non-exempt employees' "regular rate" for determining overtime, Defendant does not factor in its non-exempt employees' spot bonus compensation as required by both California and federal law.

7.    Defendant also failed to completely and fully compensate its non-exempt employees for missed meal periods.    When Defendant's non-exempt employees missed timely meal periods, Defendant paid its employees a missed meal period premium.    When Defendant calculates its non-exempt employees' "regular rate" for determining the missed meal period premium, however, Defendant does not factor in its non-exempt employees' spot bonus compensation as required by both California and federal law.

8.    Plaintiff seeks a declaration that his rights, and the rights of the putative Class, were violated, an award of unpaid wages and meal break premiums, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct.

## JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), which provides that suits under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

11.     This Court has personal jurisdiction over Defendant because Defendant conducts business in this State, had systematic and continuous ties with this state, and had agents and representatives in this state. Thus, Defendant has sufficient minimum contacts with or otherwise purposefully avails itself of the markets in the State of California, or otherwise has sufficient contacts with this District to justify being fairly brought into court in this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because at least some of the putative Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District. Defendant owns, operates, and/or maintains offices, transacts business, and employs employees within the District, or otherwise is found within the District. Defendant is within the jurisdiction of this Court for purpose of service of process.

## PARTIES

13.     Plaintiff, Christian Van Cleave, is a resident of San Diego County, California.  He was employed by Defendant as a non-exempt employee in San Diego, California from July 2016 through November 2018.  Mr. Van Cleave's consent to join the FLSA class is attached hereto as **Exhibit A.**

14.     Mr. Van Cleave was paid on an hourly basis, plus spot bonuses.  Mr. Van Cleave received spot bonuses for each potential customer of Defendant he showed the facility to who chose to become a resident of Defendant's facility.

15.     Mr. Van Cleave occasionally worked over eight (8) hours in a workday.  However, when Mr. Van Cleave received his bimonthly wage statements and paychecks, his spot bonus compensation was not included in his regular rate of pay for purposes of overtime compensation, meaning that he was not compensated for his overtime hours at the correct overtime rate.

16.     Mr. Van Cleave also occasionally missed a meal period or was forced

4

to take a late meal period.  However, when Mr. Van Cleave received his bimonthly wage statements and paychecks, his spot bonus compensation was not included in his regular rate of pay for purposes of his missed meal period premiums, meaning that he was not compensated for his missed meal periods at the appropriate rate.

17.    Additional individuals were or are employed by Defendant as non-exempt employees during the time period beginning four years since the filing of the original complaint, and their consent forms will also be filed in this case.

18.    Defendant Sunrise is a Virginia corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

## GENERAL ALLEGATIONS

19.    Defendant operates and manages senior citizen living and care facilities.  Naturally, Defendant charges the residents of its facilities for the housing, care and treatment.  Defendant's business is, therefore, driven by acquiring new residents who choose to live at one of Defendant's facilities as opposed to the many alternatives available on the market.

20.    For that reason, welcoming potential customers, providing them information about Defendant's facility and services, and touring the facility with them, all in order to sell the facility to the would-be resident, is a top priority of Defendant and its employees.  In effect, Defendant employs a "sales" team dedicated to this function.  But, this function is so important that even non sales-team members are trained to show the facility and sell it to potential customers.  Therefore, many of Defendant's hourly, non-exempt employees may cover for the sales team by showing the facility to a potential customer.  To encourage non-exempt employees to take on this job duty, Defendant adopted an incentive pay policy:  If a non-exempt employee is successful in selling the facility to the potential customer, the non-exempt employee earns a "spot bonus;" a one-time flat-fee bonus.  In Mr. Van Cleave's case, the spot bonus equaled $250.  This compensation is in addition to the non-exempt employee's hourly wage and is not

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

discretionary.

**Defendant Failed to Properly Calculate the Regular Rate of Pay**

21.    Defendant failed to fully compensate its non-exempt employees for their overtime wages and meal period premiums.  Under the FLSA, the regular rate is the "keystone" to calculating the overtime rate.  *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419 (1945).  It is "the hourly rate actually paid to the employee for the normal, non-overtime workweek for which he is employed." 29 C.F.R. §778.108.

22.    No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

23.    There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendant to establish that any payment should be excluded. Thus, determining the regular rate starts from the premise that all payments made to Plaintiff for work performed are included in the base calculation unless specifically excluded by statute.

24.    65. Accordingly, an employee's regular rate of pay is computed by reference to the employees' hourly wage, as well as any bonus compensation. 29 C.F.R. §778.110(b). The Code of Federal Regulation provides an example of this rule in practice:

> If the employee receives, in addition to the earnings computed at the $12 hourly rate, a production bonus of $46 for the week, the regular hourly rate of pay is $13 an hour (46 hours at $12 yields $552; the addition of the $46 bonus makes a total of $598; this total divided by 46 hours yields a regular rate of $13). The employee is then entitled to be paid a total wage of $637 for 46 hours (46 hours at $13 plus

6

6 hours at $6.50, or 40 hours at $13 plus 6 hours at $19.50).

*Id.*

25.     Because Defendant's compensation scheme failed to incorporate Plaintiff's and the Class's bonuses in their regular rate of pay, Defendant failed to properly compensate Plaintiff and its other non-exempt employees under the FLSA.

26.      Under California law, employees are entitled to "no less than one and one-half times the *regular rate* of pay" for work in excess of eight hours in one workday and the first eight hours worked on the seventh day of work in any one workweek. Cal. Lab. Code, § 510(a) (emphasis added). Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the *regular rate* of pay for an employee. *Id.* In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the *regular rate* of pay of an employee.

27.     Under California law, employees who were not provided a meal period in accordance with the law are entitled to one additional hour of compensation at each employee's *regular rate* for each workday that a meal period was not properly provided.  Cal. Lab. Code, § 226.7.

28.      Similar to federal law, to determine the "*regular rate*," an employer must account for all compensation, not just an employee's hourly wages. For example, the Division of Labor Standards Enforcement Policies and Interpretations Manual, section 35.7, establishes that:

> Calculation of "Regular Rate Of Pay" Where Bonus Is Involved. When calculating the   regular rate of pay for purposes of overtime   calculations under   the   IWC Orders, non-discretionary bonuses must  be  calculated  into the formula.

29.     Again, because Defendant's compensation scheme failed to incorporate Plaintiff's and the Class's bonuses in their regular rate of pay, Defendant failed to properly compensate Plaintiff and its other non-exempt employees under California law.

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> All current and former non-exempt employees who worked for Defendant in California at any time from December 7, 2015 through judgment, who did not sign Defendant's Dispute Resolution Agreement before December 7, 2018 at 1:57 p.m. Pacific time.

(hereinafter referred to as the "FLSA Collective").  Plaintiff reserves the right to amend this definition as necessary.

31.    Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated non-exempt employees.

32.    Excluded from the proposed FLSA Collective are Defendant's executives, administrative and professional employees, including computer professionals and outside sales persons.

33.    Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not accurately paid premium overtime compensation when they worked beyond 40 hours in a workweek.

34.    As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to willfully failing to pay its employees, including Plaintiff and the FLSA Collective, accurate overtime compensation.

35.    Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums based on its employees' regular rate of pay.

36.    Defendant's unlawful conduct was widespread, repeated, and consistent.

37.    A collective action under the FLSA is appropriate because the

8

employees described above are "similarly situated" to Plaintiff under 29 U.S.C. §216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed as non-exempt hourly employees; (b) they were or are performing similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

38.     The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – the amount of underpaid overtime owed to each employee – do not vary substantially among the proposed FLSA Collective members.

39.     There are many similarly situated current and former non-exempt employees who were underpaid in violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join it.

40.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

41.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

42.     Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period will include several thousands of workers. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of all similarly situated current and former non-exempt employees of Defendant who are or were employed at any time in the last four years. Plaintiff proposes the following class definition:

> All current and former non-exempt employees who worked for Defendant in California at any time from December 7, 2014

through judgment, who did not sign Defendant's Dispute Resolution Agreement before December 7, 2018 at 1:57 p.m. Pacific time.

Plaintiff reserves the right to amend this definition as necessary.

44.     Plaintiff shares the same interests as the putative class and will be entitled under the California Labor Code to unpaid overtime compensation, unpaid missed meal period premiums, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

45.     The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendant employed thousands of non-exempt employees throughout California. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendant's personnel, scheduling, time, phone, and payroll records, and from input received from the putative Class members.

46.     The putative Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class. Individual questions that Plaintiff's claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

    a.   Whether Defendant violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

    b.   Whether Defendant violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

c.  Whether Defendant violated section 510 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to accurately calculate regular rates of pay for overtime purposes;

d.  Whether Defendant violated section 226.7 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to accurately calculate regular rates of pay for missed meal period premiums purposes;

e.  Whether Defendant was unjustly enriched by the work and services performed by Class members without compensation;

f.  Whether Defendant engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq;* and

g.  Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs and interest for violating California state law.

47.  The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendant's non-exempt employees are entitled to back wages, including overtime and missed meal period premiums.

48.  The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendant and performed their job duties without receiving accurate overtime wages and missed meal period premiums, owed to them.

49.  The class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative Class members.

50.  The Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any question affecting only individual members, including but not limited to, those listed above.

51.  The Class meets the superiority requirement of Rule 23(b)(3) because

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

52.     Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

## COUNT I
### VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.* –
### FAILURE TO PAY OVERTIME WAGES

53.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

54.     At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

55.     At all relevant times to this action, Defendant has engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

56.     At all times relevant to this action, Plaintiff and the members of the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

57.     Plaintiff and the members of the FLSA Collective were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

58.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

59.    The FLSA requires each covered employer such as Defendant to compensate all nonexempt employees at a rate of not less than one-and-a-half times their "regular rate" of pay for work performed in excess of 40 hours in a workweek.

60.    Defendant failed to pay Plaintiff and the FLSA Collective all overtime pay due by, *inter alia*, failing to incorporate all remuneration into the calculation of their hours worked for purposes of overtime compensation.

61.    Plaintiff and the FLSA Collective were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their "regular rate" of pay.

62.    At all relevant times, Defendant regularly required Plaintiff and the FLSA Collective to work in excess of 40 hours per workweek. Despite the hours worked by them, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff and the FLSA Collective the appropriate overtime wages for all compensable time worked in excess of 40 hours per workweek. By failing to compensate Plaintiff and the FLSA Collective at a rate of not less than one-and-a-half times the "regular rate" of pay for work performed in excess of 40 hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1).

63.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.    In workweeks where Plaintiff and other FLSA Collective members worked in excess of 40 hours, they should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

65.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined the appropriate regular hourly rate and could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for the overtime hours that they worked, but did not.

66.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II

## VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198 AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME

67.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

68.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

69.    At all relevant times, Plaintiff and the Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

70.    Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

71.    At all relevant times, Plaintiff and the Class regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

72.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs,

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiff and other Class members who worked overtime hours.

73.    Plaintiff and the Class were entitled to receive overtime compensation at their lawful regular rate of pay, including the shift differential where applicable. Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

74.    Wherefore, Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as is required under California law.

## COUNT III

### VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 & 512–FAILURE TO PROVIDE REQUIRED MEAL PERIODS

75.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

76.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially meal premium compensation.

77.    As a result of their rigorous work schedules, Plaintiff and other Class Members were at times not fully relieved of duty by Defendant for their meal periods. As a result, Plaintiff and other members of the Class forfeited meal breaks without additional compensation and in accordance with Defendant's strict corporate policy and practice.

78.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying missed meal period premiums by reducing the rate of pay to Plaintiff and other Class

members who missed meal periods.

79.     Plaintiff and the Class were entitled to receive overtime compensation at their lawful regular rate of pay, including the shift differential where applicable. Defendant violated California Labor Code § 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiff and Class Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's *regular rate* of pay for each workday that a meal period was not provided.

80.     Wherefore, Plaintiff demands payment of the unpaid balance of the full amount of premiums due for missed meal periods, as well as meal period premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as is required under California law.

## COUNT IV

## VIOLATION OF CALIFORNIA LABOR CODE §§ 226 & 1174 – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

81.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

82.     Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

83.      At all relevant times, Defendant failed to maintain proper records and furnish Plaintiff and the Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

84.      At all relevant times, Defendant failed to furnish Plaintiff and the Class members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4)

net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

85.    Plaintiff is informed and believes that Defendant knew or should have known that Plaintiff and the Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendant willfully and intentionally failed to provide Plaintiff and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

86.    Wherefore Plaintiff demands that Defendant pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

## COUNT V

## VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 & 203 – WAITING TIME VIOLATIONS

87.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

88.    California Labor Code §§ 201 and 202 requires employers to pay their employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

89.    Plaintiff and the Rule 23 California Class members who ceased

employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

90.    More than thirty days have passed since Plaintiff and certain Rule 23 California Class members left Defendant's employ.

91.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the Rule 23 California Class members whose employment ended during the class period are entitled to thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## COUNT VI

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 *et seq.* – UNFAIR, UNLAWFUL AND/OR FRAUDULENT BUSINESS PRACTICES

92.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

93.    Defendant engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including: (a) requiring Agents to work overtime without lawful premium compensation; (b) failing to provide lawful meal breaks or premium compensation in lieu thereof; and (c) failing to provide accurate, itemized wage statements.

94.    In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

95.    As a result of Defendant's conduct, Plaintiff and the Class have been harmed as described in the allegations set forth above.

96.    The actions described above constitute false, unfair, fraudulent, and deceptive business practices within the meaning of California Business & Professions Code § 17200, *et seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant obtained valuable property, money and services from Plaintiff and the Class, and have deprived Plaintiff and the Class

fundamental rights and privileges guaranteed to all employees under California law.

97.    Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which routinely comply with the requirements of California law.

98.    Plaintiff seeks, on his own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

99.    Plaintiff seeks, on his own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all Class members in that Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## COUNT VII

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

100.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

101.    Defendant contracted with Plaintiff, and other members of the Class, to provide their labor, in return for a set hourly compensation and a for each "sale" generated.

102.    Defendant was responsible for accurately accounting for the number

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

of sales generated by Plaintiff and each Class Member, and paying them accordingly.

103. Defendant failed to properly account, and pay, for each sale generated by Plaintiff and members of the Class, breaching the implied covenant of good faith and fair dealing.

104. Accordingly, Plaintiff seeks, on his own behalf, and on behalf of other Class members similarly situated, damages in the amount of any unpaid bonuses and/or commissions improperly withheld by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on behalf of the putative Collective and Class members, request judgment as follows:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Designating the named Plaintiff as Representative of the proposed FLSA collective.

c. Ordering Defendant to disclose, in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d. Certifying the proposed Rule 23 Class;

e. Designating Plaintiff as representative of the proposed Rule 23 Class;

f. Appointing Plaintiff's counsel as Class Counsel;

g. Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h. Granting judgment in favor of Plaintiff and against Defendant and awarding

the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate (multiplied by all hours that Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours per week since December 7, 2014);

i. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and two (2) of Plaintiff's regular rate (multiplied by all hours that Plaintiff worked in excess of twelve (12) hours per day and/or in excess of eight (8) hours in the seventh day of the workweek since December 7, 2014);

j. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid missed meal period premiums calculated at the rate of one (1) of Plaintiff's regular rate (multiplied by all workdays that Plaintiff worked in which he did not receive a timely meal period since December 7, 2014);

k. Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages and meal period premiums found due and owing;

l. For statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, and 226.7;

m. For disgorgement and restitution to Plaintiff and other similarly affected Class members of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200, *et se.*;

n. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

o. For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

p. For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

21

q. For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and IWC Wage Order No. 7, § 7(A) related to record keeping;

r. For an order requiring Defendant to show cause, if any there be, why it should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and its agents, servants and employees related thereto;

s. For pre-judgment interest as allowed by California Labor Code §§ 218.6 and 1194 and California Civil Code § 3287 and other statutes;

t. For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, and California Code of Civil Procedure § 1021.5; and

u. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule  of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: February 14, 2019

ZAKAY LAW GROUP, APLC

By:  */s/ Shani O. Zakay*
Shani O. Zakay
Attorney for Plaintiff

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of Perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 14, 2019.

By: */s/ Shani O. Zakay*

Shani. O. Zakay

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND